HERBERT WONSON & another *vs.* WILLIAM A. PEW.

Essex. November 7, 1888. — January 4, 1889.

Present: MORTON, C. J., FIELD, DEVENS, C. ALLEN, & KNOWLTON, JJ.

*Partnership — Assignee of Insolvent Partner — Parties to Action.*

Under the Pub. Sts. c. 157, §§ 46, 51, the assignee of an insolvent partner cannot, either alone or jointly with the other partners, bring an action to recover a debt due to the firm; but such insolvent partner may, with the assignee's assent, join his copartners in maintaining such an action.

CONTRACT to recover the price of goods sold. Trial in the Superior Court, without a jury, before *Thompson*, J., who found for the plaintiffs, and allowed a bill of exceptions, the material part of which appears in the opinion.

*W. A. Pew, Jr.*, for the defendant.

*C. A. Russell*, for the plaintiffs.

FIELD, J. The plaintiffs, Herbert Wonson and Charles H. Wonson, were copartners, and as such sold goods to the defendant, and this suit is brought by them to recover the price. After the debt was contracted, and before the suit was brought, Charles H. Wonson was adjudged an insolvent debtor under the laws of this Commonwealth, and John J. Flaherty was appointed assignee of his estate. The exception is to the refusal of the presiding judge to rule that Flaherty as assignee should be made a party plaintiff in place of Charles H. Wonson. It appears in the exceptions, that Flaherty " did not ask to be made a party to said action, and made no objection to the maintenance thereof." As the defendant's promise was made to the plaintiffs jointly, they only could sue upon it, in an action at law, unless our statutes give to an assignee in insolvency of one partner a right to sue upon a promise to the firm, either alone or jointly with

the other partner or partners, and we think that our statutes relating to insolvency give no such right. Pub. Sts. c. 157, §§ 46, 51. Gen. Sts. c. 118, §§ 44, 47. *Brown* v. *Brigham,* 5 Allen, 582.

Even if our statutes should be so construed as to give to such an assignee the right to sue on such a promise jointly with the other partner or partners, yet, as they do not prohibit a suit in the name of the insolvent debtor, the present plaintiffs could maintain the action if the assignee assented. See *Stone* v. *Hubbard,* 7 Cush. 595 ; *Herring* v. *Downing,* 146 Mass. 10.

*Exceptions overruled.*