JULIA A. WOODWARD *vs.* HOWARD W. SPURR & another.

Bristol.   Oct. 30, 1884. — Feb. 27, 1885.   C. ALLEN & COLBURN, JJ.,
                                    absent.

Under the Pub. Sts. *c.* 157, §§ 35, 36, no appeal lies to the Superior Court from
    a decision of the Court of Insolvency, expunging a claim proved against an
    insolvent estate.

APPEAL from a decision of the Court of Insolvency, expunging
the appellant's claim from the list of debts proved and, allowed
at the first meeting of the creditors of the firm of W. L. Gifford
and Company.   Trial in the Superior Court, without a jury,
before *Brigham*, C. J., who allowed a bill of exceptions, in sub-
stance as follows:

The insolvent firm was composed of W. L. Gifford and Wil-
lard F. Woodward.   The claim in question, which was for a sum
of money lent in 1882 to Woodward by the appellant, who was
his wife, from her own earnings, and used in the partnership
business, had been allowed against the private estate of Wood-
ward.   The assignees, on February 26, 1884, filed a petition in
the Court of Insolvency, praying to have the claim expunged.
On March 17, 1884, the Court of Insolvency ordered said claim
to be expunged, on the ground that the same was allowed
through illegality and mistake.

The assignees asked the judge to rule that the appellant was
not entitled to prove said claim against the private estate of
Woodward in insolvency.   The judge refused so to rule; ruled
that she was entitled to have said claim so allowed; and found
for the appellant.   The assignees alleged exceptions.

*C. A. Reed & J. H. Dean*, for the assignees.

*H. J. Fuller*, (*F. V. Fuller* with him,) for the appellant.

MORTON, C. J.   The assignees now contend that the Supe-
rior Court has no jurisdiction of this case, because no appeal
lies to that court from an order of the judge of insolvency ex-
punging or refusing to expunge the proof of a claim.   Pub. Sts.
*c.* 157, §§ 35, 36.   This objection does not appear to have been
taken in the Superior Court; but, if it is sustained, it shows
that the Superior Court had no jurisdiction of the subject matter,

and that all its proceedings were *coram non judice* and void, and is therefore fatal to the appellant's case.

The statute provides for a hearing by the judge of insolvency upon all claims offered for proof, and that he "shall allow all debts duly proved." Pub. Sts. c. 157, §§ 26–34.

Section 35 gives him authority to reëxamine the proof of claims once made, and to "alter or expunge such claim when the evidence shows that it is founded in whole or in part in fraud, illegality, or mistake."

Section 36 provides that "a supposed creditor whose claim is wholly or in part rejected, or an assignee who is dissatisfied with the allowance of a claim, may appeal from the decision to the Superior Court."

The appellant contends that this provision is broad enough to allow an appeal from a decision upon a motion to expunge a claim once proved. In view of the history of the provision, we are not able to give it this construction. The language is directly and naturally applicable to the rejection or allowance of a claim when offered for proof; and the reason is obvious. The provision is taken from the General Statutes, where it could only be applicable to the original proof of claims, as no right then existed in the Court of Insolvency to rehear and alter or expunge a claim once proved. *Hall* v. *Marsh*, 11 Allen, 563.

The authority to alter or expunge claims was first given by the St. of 1880, c. 246, § 9, of which § 35, above referred to, is a reënactment, in substantially the same language. For some reason, the Legislature, in the St. of 1880, did not see fit to give a right of appeal from the decision expunging or refusing to expunge a claim. If the question in this case had arisen after that statute, and before the revision of 1881, no admissible construction of the statutes would authorize us to hold that such right of appeal existed.

It is clear that no change was intended to be made in the revision of 1881. It is provided in the Pub. Sts. c. 223, § 2, that "the provisions of the Public Statutes, so far as they are the same as those of existing laws, shall be construed as a continuation of such laws and not as new enactments." The provisions which we are considering are merely reënactments of previous provisions, and must receive the same construction, and

therefore cannot be held to confer a right of appeal which did not exist under such previous statutes.

The result is, that the appellant had no right of appeal from the decision of the judge of insolvency expunging her claim, and the Superior Court had no jurisdiction in the case. The proper entry in that court is                    *Appeal dismissed.*