## HOWARD W. SPURR & another *vs.* DAVID DEAN.
## SAME *vs.* SAME.

Bristol.　Oct. 30, 1884. — March 25, 1885.　C. ALLEN & COLBURN, JJ.,
absent.

One who lends money after publication of notice of the filing of a petition in insol-
vency against the borrower, but before the issuing of the warrant, is not entitled
to prove his claim against the estate.

Under the Pub. Sts. *c.* 157, §§ 35, 36, no appeal lies to the Superior Court from
a decision of the Court of Insolvency, expunging a claim proved against an
insolvent estate ; but the remedy is by a bill in equity, under the Pub. Sts.
*c.* 157, § 15.

THE FIRST CASE was an appeal from a decree of the Court
of Insolvency refusing to expunge the appellee's claim from the
list of debts proved and allowed at a meeting of the creditors
of the firm of W. L. Gifford and Company.   The case was sub-
mitted to the Superior Court, and to this court on appeal, on an
agreed statement of facts, in substance as follows :

On March 29, 1883, a petition was filed in the Court of
Insolvency setting forth the insolvent condition of W. L. Gifford
and Company, and praying that the joint and several estates of
Willard F. Woodward and William L. Gifford, who composed
the firm, be seized and distributed, and further proceedings had
thereon as in such cases is by statute provided.

Due notice of the filing of this petition was given by publication by the register of insolvency, on March 31, 1883 ; and after due notice of the filing of the petition had been given to Woodward and Gifford, and a full hearing had thereon, they were, on May 11, 1883, duly adjudged insolvent debtors, a warrant of insolvency was issued against their joint and several estates, and the appellants were duly appointed assignees.

On September 14, 1883, David Dean presented to the Court of Insolvency a claim against the estate of Willard F. Woodward, upon a promissory note dated April 19, 1883, the consideration of which note was money lent by Dean to Woodward on the date of the note. Dean then knew of the publication of the filing of the petition in insolvency, and that W. L. Gifford and Company's store had been closed by legal process, and that the firm was then in financial difficulties, though he supposed Woodward had property enough to pay all his debts.

No account of the money received by Woodward has been rendered to the Court of Insolvency, nor has said money, or any part thereof, been passed over to the assignees by Woodward.

The assignees objected to the allowance of said claim by the Court of Insolvency at the time the same was presented, but it was allowed against the estate of Woodward, without a hearing thereon, by mistake.

The assignees did not discover that said claim had been inadvertently allowed until the time for an appeal therefrom to the Superior Court had expired, and thereupon, on February 26, 1884, they made application to the judge of insolvency to summon Dean to appear before the Court of Insolvency, and give evidence concerning the proof of said claim, and praying that the court, after hearing thereon, would expunge and alter said claim, on the ground that the same was founded on illegality and mistake. A full hearing was had thereon, Dean appearing and testifying as to said note, as above set forth.

On April 11, 1884, the judge of the Court of Insolvency rejected the petition of the assignees, and refused to expunge said claim.

The Superior Court ordered the appeal to be dismissed, and judgment to be entered for the appellee ; and the assignees appealed to this court.

THE SECOND CASE was a bill in equity filed on October 11, 1884, and setting forth the same facts as in the first case. The defendant demurred to the bill for want of equity. The case was heard on the bill and demurrer by *C. Allen*, J., and reserved for the consideration of the full court.

*C. A. Reed & J. H. Dean*, for the assignees.

*L. E. White*, for Dean.

HOLMES, J. The main question in this case is whether one who lends money after publication of notice of the filing of a petition in insolvency against the borrower, but before the issuing of the warrant, is entitled to prove against the estate. We are of opinion that he is not. In involuntary proceedings the assignment relates to "the time of the first publication of notice of the filing of the petition," Pub. Sts. *c.* 157, § 46, and it would be most anomalous if a creditor, for an advance which did not go to swell the fund to be distributed, but which the debtor had a right to keep in his pocket, should be allowed to share in the distribution. The facts to which a creditor is required to swear before proving are of course conditions of his right to prove. One of these is, that the debtor "at and before the date of such proceedings [i. e. the proceedings in insolvency] was and still is justly and truly indebted to me in the sum of      ." We think that the assignment must be intended and taken to convey all property in the hands of the debtor which came there before the date of the proceedings, and therefore that the date of the proceedings cannot be said to be later than that fixed for the operation of the assignment. In other words, the date of involuntary proceedings is not later than the first publication of notice of the petition, and as the insolvent was not then indebted to Dean, Dean could not properly take the necessary oath, and was not entitled to prove.

It is true that the form of discharge given in the Pub. Sts. *c.* 157, § 80, speaks, among other things, of debts due to persons who were resident within this Commonwealth on the day of the first publication of the notice of the warrant, and not of the petition. But, as was pointed out by the counsel for the assignees, the assignment formerly related to the first publication of the notice of the warrant in all cases, as it still does in

voluntary proceedings. Pub. Sts. *c.* 157, § 46. Gen. Sts. *c.* 118, § 44. This was changed with regard to involuntary proceedings by an amendment of the section just cited from the General Statutes, St. 1879, *c.* 245, § 3, and it would have been more consistent if a corresponding amendment had been made in the form of discharge, which now is strictly appropriate only to voluntary proceedings. However, as the phrase in the discharge refers to the residence of creditors, and not to debts, and as by another phrase only debts which are provable against the estate are discharged, the inconsistency is not fatal to the argument of the assignees, but is simply a case of *inelegantia juris.* The possible hardship of impeding a debtor's power to borrow or contract before the petition against him has been adjudicated upon, cannot be allowed to outweigh the argument from the specific provisions of the statute and the general policy of the insolvent law.

The assignees had a right to apply to the Court of Insolvency to expunge the claim. For as against the estate in their hands it was founded in illegality or mistake, however valid it might be against the debtor. Pub. Sts. *c.* 157, § 35. They were therefore entitled to have the order rejecting their petition revised; and, as it is now settled (*Woodward* v. *Spurr*, 138 Mass. 592,) that an appeal to the Superior Court under § 36 does not lie, the bill in equity under § 15 was the proper remedy.

The appeal must therefore be dismissed, and in the equity suit the entry will be a decree for the plaintiff.

*Judgment and decree accordingly.*