*F. E. Snow & G. D. Burrage,* for the petitioners.
*C. A. Williams,* for the respondents.

———

LEMON THOMSON *vs.* HENRY POOR & another.

Suffolk.    November 23, 1894. — January 8, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Composition Proceedings — Right of Appeal to Superior Court.*

In proceedings for a composition in an insolvency case, the debtor, if dissatisfied with the allowance of a claim against his estate, has no right of appeal to the Superior Court.

KNOWLTON, J.    The only question now before us is whether, in proceedings for a composition in an insolvency case, the

debtor, if dissatisfied with the allowance of a claim against his estate, has a right to appeal to the Superior Court.

Nowhere in the statutes is such a right given to the insolvent debtor. By Pub. Sts. c. 157, § 36, an appeal is given to a supposed creditor whose claim is wholly or in part rejected, and to an assignee who is dissatisfied with the allowance of a claim. This section is one of those which are made applicable to proceedings for a composition so far as they can be applied thereto. St. 1885, c. 353, § 1. It is contended that, inasmuch as proceedings for a composition are often had without the issuing of a warrant or the choice of an assignee, a right of appeal from an order allowing a claim should be given to the debtor, although none is expressly mentioned in the statute. We see no evidence that the Legislature intended to confer such a right. It may well have been thought that, if an appeal is proposed to be taken from a decision of the court allowing a claim, an assignee should first be chosen to determine whether it is for the interest of the creditors that the litigation should be taken to the superior court. Although St. 1885, c. 353, § 1, provides that "the proceedings shall not be stayed or suspended on account of an appeal from the allowance or rejection of a claim," the ordinary effect of such an appeal is to create uncertainty and cause delay. In case of such delay, it would often be necessary for the protection of the creditors that an assignee should take in charge the property of the debtor. In the absence of any provision for an appeal by the debtor in this or in any other similar case, we cannot read one into the statute. If important questions of this kind arise affecting the amount which the debtor can afford to pay in composition, or affecting the safety and security of the property during the pendency of the proceedings, it is easy to choose an assignee.

Whether, if there was an error on the part of the insolvency court in the allowance of a claim, the debtor might have it corrected by an application to this court under Pub. Sts. c. 157, § 15, it is unnecessary now to decide.

*Appeal dismissed.*

*M. F. Dickinson, Jr. & S. Williston,* for the defendants.
*W. A. Knowlton,* for the plaintiff.