EBEN D. JORDAN & others *vs.* GRANT M. PALMER, assignee.

Suffolk.    December 11, 1895. — February 28, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Insolvency Court — Record — General Warrant — Composition — Assignee.*

The record as made up or amended by direction of the judge of insolvency is conclusive evidence of the doings of the court, and parol evidence is inadmissible to contradict it.

Where, a debtor having filed a voluntary petition in insolvency and two days thereafter a proposition for composition, certain creditors then make application to the judge of insolvency for the issuing of a warrant in the interest of the creditors for the preservation of the property pending proceedings for a composition, it is entirely proper for him, in the exercise of the jurisdiction conferred by the filing of the debtor's original petition, to issue a general warrant, as if no proposition for composition had been filed.

Where an offer of composition is filed and an assignee is not appointed at the first meeting, the judge of insolvency may appoint one at a subsequent meeting.

BILL IN EQUITY, filed April 24, 1895, by Eben D. Jordan and others, copartners under the name of Jordan, Marsh, and Company, under Pub. Sts. c. 157, § 15, to revise the proceedings of the Court of Insolvency in the issuing of a warrant and the appointment of an assignee.

The bill alleged that, on June 6, 1893, an action at law in the Superior Court for Suffolk County was brought against them by the defendant, in which it was claimed that they had converted a stock of goods, the property of the plaintiff in that case; that it appeared at the trial of that action that the plaintiffs in this action had bought of one Adam Gibb the merchandise alleged to be converted, on January 28, 1893, and had paid him full value therefor, and without any notice of the insolvency proceedings hereinafter mentioned, except such notice, if any, as was implied by the publication of the alleged warrant hereinafter mentioned; that in that action Palmer claimed to have been duly appointed assignee of Gibb's estate by the Court of Insolvency of Suffolk County, and at the trial thereof produced an assignment in insolvency, dated February 10, 1893, signed by the judge of the court of insolvency in the usual form, assigning to him all the property of the insolvent to which he was entitled on December

17, 1892; that no election was ever held for assignee at the first meeting, or any adjournment thereof, or at any meeting, nor was the assignee appointed at any meeting in the case, or any adjournment thereof, and that the appointment and assignment were absolutely void and of no effect; that, by Pub. Sts. c. 157, § 51, in the action at law the assignment was conclusive evidence of Palmer's right to sue, and the plaintiffs could make no defence to that action; that previous to the purchase by them on November 30, 1892, Gibb had filed a voluntary petition in insolvency in Suffolk County, but no warrant issued on said petition except as hereinafter stated; that on December 2, 1892, Gibb filed an offer in composition; that on December 16, the date of the second hearing in composition, certain creditors filed a petition, evidently under Pub. Sts. c. 157, § 113, praying that the messenger be directed to take possession of the assets, " and keep the same safely until the further order of the court "; that indorsed thereon was the order, signed by the judge, " Let warrant issue to messenger to take charge of property as prayed for"; that on the same day a warrant in the form called for by Pub. Sts. c. 157, § 17, directing the messenger to take possession of the assets, was delivered to a messenger and published, but the messenger did not take possession, and the property was in possession of Gibb when purchased by the plaintiffs; that the plaintiffs believed that the warrant issued was not the warrant ordered by the court, or intended to be issued by the court or the petitioning creditors, and that the said warrant was issued by an oversight either of the presiding judge or of some of the officers of that court, and that no notice was given to the debtor of the issue of the warrant, as required by law; that the warrant, if allowed to stand, would invalidate the title of the petitioners to the merchandise, whereas, if the warrant ordered and intended by the court had been issued, the petitioners would have held a good title to the property; and that the following statements in the records of the Court of Insolvency in reference to the matters herein alleged did not conform to the fact:

"Dec. 16th.  Creditors pet. for warrant.  Warrant ordered.

" Warrant returnable Jan. 6, 1893, 2 P. M. certificate of performance of duties.

" Jan. 6th. 1st. meeting.  Warrant returned.  1st. Publication, Dec. 17th, '92.  Adjourned to Jan. 20, '93.

"Jan. 20, '93. Adjourned first meeting.

"Warrant."

The bill further stated that the question whether the alleged warrant was a valid one, having the effect of fixing a date at which the assignment transferred all the property of the debtor, was carried before the full bench of this court, and it was there decided in 163 Mass. 350, that that question could not be determined in that action; that thereupon, on April 11, 1895, the plaintiffs filed a petition in the Court of Insolvency, praying that the warrant might be annulled or amended so that it might conform to the warrant ordered by the court, and that the appointment of Palmer be revoked and declared void; and that the Court of Insolvency entered a decree that the petition should be dismissed.

The prayer was, 1. That the appointment of Palmer as assignee be declared void, and that he be enjoined from proceeding against the plaintiffs in the action at law, or taking out judgment therein, or levying any execution on any judgment he might have taken out or might take out in the future, and that he be ordered to deliver up the assignment to the court of insolvency. 2. That the court of insolvency be directed to amend its records above specifically set forth, so as to conform to the facts alleged in the bill.

The defendant demurred to the bill, assigning as grounds therefor want of equity, laches, that the plaintiffs were not parties aggrieved by the doings of the court of insolvency, and that this court had no jurisdiction.

*Holmes*, J., sustained the demurrer, and dismissed the bill; and the plaintiffs appealed to this court.

*C. K. Cobb*, for the plaintiffs.

*G. M. Palmer*, (*A. E. Pillsbury* with him,) for the defendant.

KNOWLTON, J. There are several difficulties in the way of the maintenance of the plaintiffs' suit. In the first place the records of the insolvency court show no irregularity in the proceedings, and the plaintiffs' having made an application in that court for the relief which they seek here, and having been refused, it must be that the judge of insolvency does not desire to amend the record to make it conform to the allegations of fact contained in this petition. It has been decided that, in a suit of this kind, the record as made up or amended by direction of the

judge of insolvency is conclusive evidence of the doings of the court, and that parol evidence is inadmissible to contradict it. *Winchester* v. *Thayer*, 129 Mass. 129.

But if it were shown that everything was done precisely as alleged in the plaintiffs' petition, the warrant would not necessarily be invalid. The debtor filed a voluntary petition in insolvency, and the court thereby acquired jurisdiction to issue a general warrant. Upon the allegations of the petition alone, if they appeared to be true, it would have been the duty of the judge to issue a warrant at once, if no cause had been shown to the contrary. When the proposition for composition was filed, the judge might properly stay or suspend the issuing of a warrant, or he might issue it immediately, if he thought that justice and the interests of the creditors required the issue of it. Pub. Sts. c. 157, §§ 4, 17. St. 1884, c. 236, § 3. The language, "may stay or suspend any process or proceeding which would otherwise be required by law, and may make such orders relating thereto or to the custody of the debtor's estate as justice and the interests of the creditors may require," applies to the warrant ordinarily issued in voluntary proceedings, and an order relating thereto may be an order that it be issued at once, as well as any other order.

The petition alleges that certain creditors "filed a petition, evidently under Public Statutes, chapter 157, section 113." This section authorizes the issue of a warrant for the preservation of the property and the protection of the creditors before the adjudication in involuntary proceedings, and it is not applicable to voluntary proceedings. The indorsement on the petition, "Let warrant issue to messenger to take charge of property as prayed for," was not a formal decree, but a memorandum and direction for the information of the register and the court in further proceedings. The application of the creditors brought to the attention of the judge the question whether a warrant ought to be issued in the interest of the creditors for the preservation of the property pending proceedings for a composition, and it was entirely proper for him, in the exercise of the jurisdiction conferred by the filing of the debtor's original petition, to issue a general warrant, as if no proposition for composition had been filed. This was done, and the application of creditors and the indorsement upon their petition did not affect the validity of the warrant. Pub. Sts. c. 157, §§ 4, 17.

The plaintiffs contend that the appointment of the assignee was invalid, because it was not made at the first meeting of creditors, or at any adjournment thereof.   But this contention is founded upon a misconstruction of the statute relating to compositions in insolvency.   The right to suspend any process or proceeding usual in insolvency cases involves the right to revive or institute it, and it has already been held that an assignee may be appointed at any time when in the opinion of the judge the interests of justice require such an appointment.   *Thomson* v. *Poor*, 163 Mass. 26.   The pendency of a proposition for composition having caused the court to go on with the proceedings without electing an assignee at the first meeting, there was jurisdiction to appoint one at a subsequent meeting.   Pub. Sts. c. 157, §§ 40, 41.   St. 1884, c. 236, § 3.

These considerations dispose of the case, and we need not consider whether it would be necessary to sustain a demurrer on the ground of laches, if the other grounds were insufficient. See *Claflin* v. *Lowe*, 157 Mass. 252.        *Bill dismissed.*