EDWARD H. VAN INGEN & another *vs.* CALEB G. BEAL & others.

Suffolk.　December 13, 1895. — April 7, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Composition Proceedings — Proof of Claims.*

If, by reason of errors in the allowance of claims, the Court of Insolvency confirms a composition which ought not to be confirmed, the interests of other creditors or of the debtor are injuriously affected, and, under Pub. Sts. c. 157, § 15, the proceedings can be revised and the errors corrected; and this court will not only determine whether the confirmation of the composition should be set aside, but will determine according to the usual proceedings in equity the validity of the claims in dispute, and how far, if at all, the proofs of them should be altered or expunged; and the decree of this court upon these claims will be certified to the Court of Insolvency for its direction, as well as the decree upon the confirmation of the composition.

BILL IN EQUITY, under Pub. Sts. c. 157, § 15, against the defendant Beal, an insolvent debtor, the judge of the Court of Insolvency for the County of Suffolk, and others, to set aside a decree of that court confirming certain composition proceedings in the case of the defendant Beal.

At the trial, before *Allen,* J., the plaintiffs' counsel made a general opening of the case upon the facts and law, and suggested that, if the law question should be decided in their favor, it would not be necessary to go into the testimony upon the disputed facts as to the validity of the creditors' claims which were objected to. With the assent of the defendants, the judge limited the hearing, as suggested, to the question of the duty of the judge of insolvency in respect to the appointment of an assignee.

It was assumed on both sides, and not denied in the answers, that the amounts of the claims objected to were as stated in the bill, namely, $55,620 in favor of one Timolat and Timolat and Stowell, and $22,905.81 growing out of transactions with one Marcus; that the necessary assent to the confirmation of the composition could not have been obtained without the assent of either the Timolat and Timolat and Stowell claims, or the assent of the claims growing out of transactions with Marcus.

The judge found that, either as a matter of right, or as a matter of discretion in view of the character and amount of the claims which were objected to, and in view of the fact that the present plaintiffs at the first meeting of the creditors had made a request, to which the debtor had objected, for the appointment of an assignee, an assignee should have been appointed in order to investigate these claims before the same were allowed, or to appeal from their allowance in case they had been improperly allowed, and that this court should not now, upon this bill in equity, proceed to investigate and determine their validity.

An appeal having been taken, the judge, at the request of the defendant Beal, reported the case for the consideration of the full court, the decree to stand, or to be modified or set aside, as equity might require.

*R. D. Weston-Smith & J. Prentiss*, (*E. S. Hill* with them,) for the defendants.

*R. M. Morse*, for the plaintiffs.

FIELD, C. J. This case presents an important question of practice in proceedings for composition in insolvency. It is contended by the plaintiffs, that, when objection is made to claims offered for proof which are large and appear to be doubtful, it is the duty of the judge of insolvency to postpone the consideration of them, and to appoint an assignee to examine them, who may appeal to the Superior Court if they are subsequently allowed against his objection. It is contended by the defendants that an assignee should never be appointed in composition proceedings for the sole purpose of representing creditors in the proof of claims, or of appealing from the allowance of claims, whether in the interest of the debtor or of the creditors.

The settlement of the estate of an insolvent debtor by a com-

position in insolvency is different in many of its principal features from a settlement by a distribution of the assets through the intervention of an assignee under other provisions of the statutes. The object of the statutes providing for composition is to enable a debtor, with the approval of the court and of a certain proportion of his creditors, to settle his affairs and pay his creditors as much as he reasonably can, and obtain a discharge without suffering the inconvenience and loss which often come from an assignment in insolvency. To make this method effectual, it is usually necessary that it should be speedy. Delay for any considerable time often is fatal to the scheme and detrimental to all concerned. The statutes are framed with this fact in view. They contemplate proceedings which shall reach a result quickly against the opposition of some of the creditors, if a majority, or three quarters in number and value, of the creditors assent, and the court is of opinion that the best interests of all will be promoted by the confirmation of the settlement proposed.

An offer of composition may be made at any stage of the proceedings. Whenever the composition is proposed, the proceedings for the disposal and distribution of the assets by an assignee may be immediately suspended, and the rights of all parties may be protected by proper orders until it can be determined whether the composition shall be confirmed. St. 1884, c. 236, § 3. If the offer is made at the time of filing the petition, it often happens that no warrant is issued, and no assignee chosen. There usually is no occasion to issue a warrant or to choose an assignee for any of the principal purposes for which such proceedings are had when no offer of composition is made. Section 32 of chapter 157 of the Pub. Sts. is as follows: " When a claim is presented for proof before the election of an assignee, and the judge entertains doubts of its validity, or of the right of the creditor to prove it, and is of opinion that such validity or right ought to be investigated by the assignee, he may postpone the proof of the claim till after the assignee is chosen." It is manifest that the Legislature did not intend that action under this section should be taken when the proceedings are in reference to a proposed composition. This section is not applicable to such proceedings. This is the language of the statutes: " The provisions of sections twenty-six to thirty-one inclusive, and of sections

thirty-three to thirty-nine inclusive, of said chapter [c. 157, Pub. Sts.], concerning debts and proof of claims, shall apply to and be of force in composition proceedings so far as they can be applied thereto. But the proceedings shall not be stayed or suspended on account of an appeal from the allowance or rejection of a claim." St. 1884, c. 236, § 5, as amended by St. 1885, c. 353, § 1. The provision that the sections immediately before and after § 32 shall be applicable to composition proceedings is in effect a legislative declaration that § 32 shall not. It implies that in such cases, unless there are other reasons for the choice or appointment of an assignee, the judge of insolvency shall proceed and determine whether the claims presented should or should not be allowed. It is to be remembered that the principal question before the Court of Insolvency is whether a certain offer of composition shall be confirmed. If the offer is a proper one, which it is for the interest of the creditors generally to accept, creditors who object to the allowance of a claim are not necessarily harmed by an error of the court in allowing it. Of course the number and amount of claims properly provable are important to be determined in deciding whether the proposed composition has been assented to by the requisite number of creditors and the proposed dividend is sufficient in amount, and in the hearing on the confirmation of the composition the same questions may be incidentally involved as are to be considered in passing upon the allowance of claims. If claims have been improperly allowed, these claimants should not be counted in finally determining whether the assent of a sufficient number of creditors has been obtained, nor should the claims be reckoned among the debtor's liabilities. If, by reason of errors in matters of this kind, the Court of Insolvency confirms a composition which ought not to be confirmed, then we think the interests of other creditors or of the debtor are injuriously affected, and that under the Pub. Sts. c. 157, § 15, the proceedings can be revised and the errors corrected. The enactment that the composition "proceedings shall not be stayed or suspended on account of an appeal from the allowance or rejection of a claim" means that these proceedings may go on to their termination in the Court of Insolvency after an appeal from the allowance or rejection of a claim in the same way as if no appeal had been taken. But

after a decree has been entered by the Court of Insolvency confirming a composition, we think any person aggrieved may bring the case to this court, under said § 15, for the correction of errors, and may obtain relief if this court deems the errors such as to call for relief.

We have no doubt of the power of the Court of Insolvency, in the exercise of its discretion, to appoint at any time an assignee with a view to the performance of official duties of any kind for the protection of any persons interested in the estate. It has been decided that the debtor has no right of appeal to the Superior Court from the allowance of a claim, although he deems it illegal and unjust, and although he is injured if he is obliged to pay a dividend upon it under his offer of composition. *Thomson* v. *Poor*, 163 Mass. 26. It is also clear that a creditor has no right of appeal to the Superior Court from the allowance of the claims of other creditors, because the statute gives him none. *Freeland* v. *Mechanics' Bank*, 16 Gray, 137.

The statutes providing for a composition contemplate the possibility of appeals of some kind from the allowance or rejection of claims. Appeals to the Superior Court may be taken by an assignee in cases where an assignee has been chosen or appointed, and there is some reason for the contention that the Court of Insolvency, in the exercise of its discretion, ought sometimes to appoint an assignee, so that appeals may be taken to the Superior Court, particularly when persons interested in the estate desire that such appeals should be taken, and the claims in dispute are large, and there are reasonable grounds for contesting them, or for suspecting that there may be collusion between the debtor and the creditors who present them. But if the judge declines to appoint an assignee, we think that the Court of Insolvency should not stay or suspend the proceedings, and that it is not necessary that this court, on a petition under Pub. Sts. c. 157, § 15, should revise the decision of the Court of Insolvency refusing to appoint an assignee, if relief can be obtained in other ways. If any person is aggrieved by the allowance or rejection of claims, and the consequent confirmation of a composition, we are of opinion that there may be relief on a bill or petition under Pub. Sts. c. 157, § 15. It seems to us that the present bill or petition is properly brought under this sec-

tion, and that it can be determined in the present proceedings whether the composition confirmed by the Court of Insolvency should be set aside, and that all incidental questions can also be heard and determined.

Before the passage of St. 1880, c. 246, § 9, now Pub. Sts. c. 157, § 35, an assignee could bring a bill in this court to expunge a claim under provisions of statute like those contained in Pub. Sts. c. 157, § 15. The Court of Insolvency then had no power to expunge a claim without the consent of the creditor after the meeting had been finally adjourned at which it had been allowed, although the time for taking an appeal to the Superior Court had expired before the grounds had been discovered by the assignee on which the claim should be expunged. *Hill* v. *Hersey*, 1 Gray, 584. *Hall* v. *Marsh*, 11 Allen, 563. Under Pub. Sts. c. 157, § 35, no appeal lies to the Superior Court from the order of the Court of Insolvency altering or expunging a claim, or refusing to alter or expunge it, but the remedy is under Pub. Sts. c. 157, § 15. *New Bedford Institution for Savings* v. *Hathaway*, 134 Mass. 69. *Woodward* v. *Spurr*, 138 Mass. 592. *Spurr* v. *Dean*, 139 Mass. 84.

In the present case, as there is no assignee, the remedy under this section must be at the instance of the creditors or of the debtor. In many compositions it may be that the amount of the claims in dispute which are allowed or rejected is so small that they would not affect the decision of this court upon the question whether the confirmation of the composition should be set aside or not, and that the settlement of the disputes would only affect the distribution of the property deposited in court. But in the present case, on the allegations of the bill of complaint, the amount of the claims in dispute is very large, and the debtor has not obtained the assent of the requisite number and amount of his creditors, except by including the assent of the creditors whose claims have been allowed against the objection of the complainants. It seems unnecessary to require these complainants to make an application to the Court of Insolvency to expunge the claims which have been allowed by that court, against their objection before bringing the present bill.

On the facts stated in the bill, for the reasons hereinbefore given, a majority of the court are of the opinion that this court

should not only determine whether the confirmation of the composition should be set aside, but should go on and determine, according to the usual proceedings in equity, the validity of the claims in dispute, and how far, if at all, the proofs of them should be altered or expunged; and that the decree of this court upon these claims should be certified to the Court of Insolvency for its direction, as well as the decree upon the confirmation of the composition. *So ordered.*