FRANCENA A. HILL vs. JOHN W. McKIM, Judge of
Insolvency.

Suffolk.   January 21, 1897. — February 27, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, & KNOWLTON, JJ.

*Insolvent Debtor — Statute — Prohibition — Remedy — Mandamus —
Composition Proceedings.*

The proper remedy in case of the refusal of a judge of insolvency to order a hear-
ing on a proposal of a composition made by an insolvent debtor is by a bill or
petition under Pub. Sts. c. 157, § 15, and not by mandamus.

*It seems,* that a judge of insolvency will not be compelled against his judgment to
order a hearing on a proposal for composition so trifling in amount as under no
circumstances "to be consistent with justice and for the interests of the cred-
itors," within the meaning of St. 1884, c. 236, § 9.

PETITION, by an insolvent debtor, for a writ of mandamus, re-
quiring the judge of the Court of Insolvency to order a hearing
on a proposal for a composition. At the hearing, before *Allen,* J.,
two questions were presented.  1. Whether it was the duty of
the judge of insolvency to order a hearing on the proposal for
composition, or whether he might in his discretion decline so to
do, in view of the smallness of the offer.  2. Whether the rem-
edy was by a petition for a writ of mandamus, or under Pub.
Sts. c. 157, § 15.  The judge reserved the questions for the con-
sideration of the full court.  The facts appear in the opinion.

*J. W. Pickering,* for the petitioner.

*E. George,* for the respondent.

FIELD, C. J.  We are of opinion that the proper remedy in
cases of this kind is by a bill or petition under Pub. Sts. c. 157,
§ 15, and not by mandamus.  *Van Ingen* v. *Beal,* 165 Mass. 582.
*Jaquith* v. *Fuller,* 167 Mass. 123.  *Fairweather* v. *McKim, post,*
103.  The petition, therefore, must be dismissed.

We may as well say that we think that the judge of insol-
vency should not be compelled against his judgment to order a
hearing on an offer so trifling in amount as the offer in this case.
It appears by the schedule of creditors that the number of cred-
itors is twenty-two, and that the total indebtedness is $4,096.89.
Computing the offer of one tenth of one per cent on the total in-

debtedness, the amount of money to be paid into court to carry out the composition is four dollars nine and six tenths cents. This amount, disregarding fractions below one tenth of a cent, would be payable to the several creditors in sums as follows: Six cents; one cent and five tenths; two cents and four tenths; three cents and one tenth; five cents and nine tenths; seven tenths of one cent; ten cents; one dollar and forty-three cents and three tenths; six cents; seventeen cents and two tenths; twelve cents and five tenths; twenty cents and six tenths; nineteen cents; twenty-five cents; seventeen cents; six cents and six tenths; twenty cents; forty-two cents and five tenths; seventeen cents and one tenth; twenty-eight cents; four cents and nine tenths.

It is true that St. 1884, c. 236, § 3, provides that the court, upon the filing of the proposal for composition, "shall order a hearing on such proposal as early as may be, of which the register shall send notice by mail postpaid to all known creditors," etc. But § 9 of the same statute provides as follows: "If the composition appears to have been duly assented to, and to be consistent with justice and for the interests of the creditors, the court shall order the same to be confirmed," etc.. It is not worth while for the court of insolvency to order a hearing on a proposal for composition which the court under no circumstances would find " to be consistent with justice and for the interests of the creditors." The statutes relating to insolvency undoubtedly contemplate that an insolvent debtor, although he have no property, may obtain his discharge if his creditors to the requisite number and amount assent to it. The debtor in this case is not without remedy, if no hearing is ordered on her present offer. She can make a better offer, or proceed to take out a warrant, and have the estate administered under Pub. Sts. c. 157.

*Petition dismissed.*