HARRY J. JAQUITH, assignee, *vs.* WILLIAM E. FULLER, Judge of Insolvency, & another.

Suffolk.　September 14, 1896. — October 28, 1896.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Insolvent Debtor — Statute — Jurisdiction — Prohibition — Remedy.*

The provision of St. 1894, c. 30, § 1, that, upon the warrant authorized to be issued when two or more persons who are partners become insolvent, "all the joint stock and property of the company, and the separate estate of each of the partners, shall be taken, except such parts as may be by law exempt from attachment," does not have the effect of preventing the individual creditors of a person from commencing proceedings in insolvency against him, under the St. of 1895, c. 209, although he may be a member of a partnership; nor does the statute transfer to the assignee of an insolvent partnership property of an insolvent member of the firm which has already been taken from him and vested in an assignee by a court of competent jurisdiction.

Prohibition will not lie to a judge of insolvency and an assignee appointed by him, when the proceedings in question may be revised by a petition in equity under Pub. Sts. c. 157, § 15.

PETITION for a writ of prohibition, to which the respondents demurred.　Hearing upon the petition and demurrer before *Knowlton,* J., who, at the request of the parties, reserved the questions of law involved for the consideration of the full court. The facts appear in the opinion.

*H. R. Bailey & J. H. Appleton,* for the respondents.

*H. J. Jaquith & W. R. Bigelow,* for the petitioner.

LATHROP, J.   This is a petition for a writ of prohibition against the judge of insolvency of the county of Bristol, and Charles F. Worthen, the assignee in insolvency of the estate of Henry C. Hathaway.   The petitioner is the assignee in insolvency of the joint and separate estates of Henry A. Davis and Company, of Henry A. Davis, and of Henry C. Hathaway.   The facts as they appear in the petition, so far as it is necessary to state them, are these:

On April 22, 1896, an involuntary petition in insolvency was filed in the insolvency court for the county of Bristol against Henry C. Hathaway of New Bedford, individually.   The first publication of notice was made on the following day, and on July 3 following the respondent Worthen was appointed assignee, the judge refusing to dismiss the cause on a petition filed by the petitioner in this case, alleging want of jurisdiction.

On April 25, 1896, an involuntary petition in insolvency was filed in the insolvency court for the county of Suffolk against Henry A. Davis, of Boston, doing business under the name of Henry A. Davis and Company.   On May 15, 1896, an amendment was allowed to this petition, which alleged that Helen V. Taylor and Henry C. Hathaway were copartners in the business carried on in the name of Henry A. Davis and Company.   On June 16, 1896, it was adjudged by the court of insolvency of the county of Suffolk that Davis and Hathaway composed the firm, and the petition was dismissed as to Taylor.   On July 3, 1896, the petitioner was appointed assignee of the joint and separate estates of Davis and Hathaway.   The first publication of notice was on June 17, 1896.

The prayer of the petition is that a writ of prohibition issue against the first named respondent, prohibiting him from further entertaining the proceeding in the insolvency court of the county of Bristol, and that the last named respondent be ordered to deliver to the petitioner the books and property of Hathaway, and also that he be prohibited from further interfering with the petitioner by virtue of his alleged appointment as assignee.

The respondents demurred to the petition; and the questions of law have been reserved for our determination.

The principal question involved in the case on the merits is

as to the construction to be given to the St. of 1894, c. 30, § 1. This act provides, in substance, that " when two or more persons who are partners become insolvent, a warrant may be issued," as provided in the Pub. Sts. c. 157, " by the judge for the county in which the partnership has last had a usual place of business for three consecutive months before the application, if the partnership has had a usual place of business for that time in any county, otherwise by the judge for the county in which the partnership has, or last had, a usual place of business before the application," either upon the petition of one or more of the partners, or upon the petition of a creditor of the partners; upon which warrant all the joint stock and property of the company and the separate estate of each of the partners shall be taken, except such parts as may be by law exempt from attachment, and all the creditors of the company and the separate creditors of each partner may prove their respective debts.

Section 2 repeals § 120 of c. 157 of the Public Statutes as amended by the St. of 1893, c. 405, § 4.

The section of the Public Statutes which is thus repealed differs from § 1 of the act under consideration only in this respect, that under the Public Statutes the warrant might be issued by the judge for the county in which either of the partners had last resided for three consecutive months before the application, if he had resided for that time in any county, otherwise by the judge of the county in which he resides.

The St. of 1893, c. 405, § 4, amended the section in the Public Statutes by striking out the words, " either of the partners has last resided for three consecutive months before the application, if he has resided for that time in any county, otherwise to the judge for the county within which he resides," and inserting in its place the words, " the partnership has or last had a usual place of business before the application."

The St. of 1894 makes some slight changes in the language of § 120 of the Public Statutes as amended by the St. of 1893, and is in a measure a perfecting statute. It is, however, to be construed in connection with the other provisions of the Pub. Sts. c. 157, and is a substitute for § 120.

The provision of the St. of 1894, c. 30, § 1, that upon the warrant " all the joint stock and property of the company and the

separate estate of each of the partners shall be taken except such parts as may be by law exempt from attachment," was enacted in substance in the St. of 1838, c. 163, § 21, and has since been in force. Gen. Sts. c. 118, § 108. Pub. Sts. c. 157, § 120. St. 1893, c. 405, § 4.

This is, therefore, no new provision, and cannot have the effect of preventing the individual creditors of a person from commencing proceedings in insolvency against him under the St. of 1895, c. 209, although he may be a member of a partnership. It does not follow that a firm is insolvent because one of its partners is in that condition, for a firm is solvent so long as any one of its partners is solvent. Proceedings against individual members of a partnership are familiar. See *Hanson* v. *Paige*, 3 Gray, 239, 243; *Nutting* v. *Ashcroft*, 101 Mass. 300; *Wonson* v. *Pew*, 148 Mass. 299.

We have no doubt that the judge of insolvency in the county of Bristol had jurisdiction of the proceedings in insolvency against Hathaway, and that his property vested in. the assignee, under the Pub. Sts. c. 157, § 46, as of the time of the first publication of notice, namely, April 23, 1896.

It is however contended that, when the warrant issued in the county of Suffolk on June 16, 1896, against both Davis and Hathaway, it became the duty of the judge of insolvency in the county of Bristol to stop further proceedings there against Hathaway, and for his assignee to pay over to the assignee in the county of Suffolk any property which might be in his possession. There is certainly no express provision for this in the statutes relating to insolvency, and we are of opinion that this is not the fair intent of the language used.

The St. of 1894, c. 80, § 1, applies to the case of an insolvent partnership, and provides that " a warrant may be issued," as provided in the Pub. Sts. c. 157. This, in the case of an involuntary proceeding, is under § 114; and, by relation to § 46, vests in the assignee all the property of the debtor which he could have lawfully sold, assigned, or conveyed, or which might have been taken on execution against him at the time of the first publication of notice of the filing of the petition. The time of this publication, so far as Hathaway is concerned, under the proceedings in the county of Suffolk, was on June 17, 1896.

The petition to join him as a partner with Davis was allowed on May 15, 1896, and an order of notice was issued, returnable on May 22, 1896. The warrant against Davis and Hathaway was issued on June 16, and the first publication was made the next day. Some time, therefore, elapsed between the time when Hathaway's property vested in his assignee in the county of Bristol, and when it is contended that it vested in the assignee appointed in the county of Suffolk. Between these times the debtor Hathaway may have contracted new debts or have received new assets. These would come within the jurisdiction of the insolvency court of the county of Suffolk, and the words of the statute would be met. We find nothing in the statute which transfers to the assignee of an insolvent partnership property of an insolvent member of the firm which has already been taken from him by a court of competent jurisdiction.

Since the passage of the St. of 1894, c. 30, a petition against the members of an insolvent partnership must undoubtedly be brought in the county in which the partnership has, or last had, a usual place of business for three consecutive months before the application, if the partnership has had a usual place of business for that time in any county; but the only section expressly repealed is the Pub. Sts. c. 157, § 120, as amended by the St. of 1893, c. 405. This act, we have no doubt, repeals the whole of § 4 of the St. of 1893, c. 405, and, it may be, so much of § 5 as relates to the Pub. Sts. c. 157, § 120. But it goes no further.

As we are of opinion that the court in Bristol County had jurisdiction in the proceeding against Hathaway, it follows that, so far as his individual estate which passed to his assignee is concerned, it is without the jurisdiction of the insolvency court of Suffolk County; and that the petition must be dismissed.

While we have considered this case on its merits, we are of opinion that the petition should be dismissed on another ground. The power to issue a writ of prohibition is found in the Pub. Sts. c. 150, § 3, which provides: "The court shall have general superintendence of all courts of inferior jurisdiction to correct and prevent errors and abuses therein, where no other remedy is expressly provided, and may issue writs of error, certiorari, mandamus, prohibition, quo warranto, and all other writs and

processes to courts of inferior jurisdiction, corporations, and individuals, necessary to the furtherance of justice and the regu-' lar execution of the laws." The earlier statutes on the subject are stated by Chief Justice Gray, in *Connecticut River Railroad* v. *County Commissioners*, 127 Mass. 50.

While this court is vested with ample power to issue writs of prohibition in proper cases, it is only where there is no other adequate remedy. *Washburn* v. *Phillips*, 2 Met. 296, per Shaw, C. J. *Connecticut River Railroad* v. *County Commissioners*, *ubi supra*, per Gray, C. J. Under the Pub. Sts. c. 157, § 15, this court has full power in equity, except where special provision is otherwise made, to revise the proceedings of the insolvency court, or even to vacate them. *Hanson* v. *Paige*, 3 Gray, 239, 242. *Merriam* v. *Sewall*, 8 Gray, 316, 327. *Whittenton Mills* v. *Upton*, 10 Gray, 582. *Taunton National Bank* v. *Stetson*, 145 Mass. 366. *Pelletier* v. *Couture*, 148 Mass. 269. *Binney* v. *Globe National Bank*, 150 Mass. 574. *Jordan* v. *Palmer*, 165 Mass. 317. There was, therefore, an adequate remedy, under the Pub. Sts. c. 157, § 15, for any party aggrieved by the proceedings in the insolvency court of the county of Bristol, and no occasion is presented for the issuance of a prerogative writ.

*Petition dismissed.*