*Exceptions overruled.*

=====

### WELLINGTON B. FAIRWEATHER *vs.* JOHN W. McKIM, Judge of Insolvency, & another.

Suffolk.   January 25, 1897. — February 27, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, & KNOWLTON, JJ.

*Prohibition — Insolvent Debtor — Composition Statute — Equity — Parties.*

A petition to restrain the judge and register of insolvency from further proceedings relating to a proposal for composition under St. 1884, c. 236, cannot be maintained as a petition for a writ of prohibition; and as a petition under Pub. Sts. c. 157, § 15, the insolvent debtor is a necessary party.

PETITION, by a creditor of William Bassett, for a writ of prohibition against both the judge and register of probate and insolvency to restrain them from further proceedings relating to a

proposal for composition under St. 1884, c. 236. The respondents demurred. Hearing before *Allen*, J., who treated the petition as brought under Pub. Sts. c. 157, § 15, entered a decree remitting the matter to the court of insolvency for a hearing upon the petition, the restraining order to stand until after such hearing ; and reported the case for the consideration of the full court.

*C. S. Ward*, for the petitioner.

*J. C. Sharkey*, for the respondents.

FIELD, C. J. If the petition in this case is to be considered as a petition for the common law writ of prohibition, we think it should be dismissed. The court of insolvency undoubtedly has jurisdiction over the petition in insolvency of William Bassett. The complaint is that the judge of that court is proceeding irregularly under that petition in confirming the proposal made by Bassett for a composition with his creditors. Any error in the proceedings cannot be corrected by a writ of prohibition. The proper process is by a bill or petition under Pub. Sts. c. 157, § 15. *Jaquith* v. *Fuller*, 167 Mass. 123. The justice before whom this case was tried treated the petition as brought under that statute, and therefore rightfully took jurisdiction of the case. If there is any doubt that the form of the petition is such that it cannot properly be considered as a petition under that statute, it can be amended before a single justice, as the case must be sent back for another reason. As a petition under section 15 of chapter 157 of the Public Statutes, William Bassett, the insolvent debtor, is interested in the question presented and should be made a party respondent. The order of the single justice remitting the case to the court of insolvency therefore is vacated that Bassett may be made a party, and that any other proper amendments may be made when the case can be again heard before a single justice.

*So ordered.*