## BUTTE & BOSTON CONSOLIDATED MINING CO., APPELLANT, *v.* MONTANA ORE PURCHASING CO. ET AL., RESPONDENTS.

(No. 1,460.)

(Submitted May 6, 1902.    Decided July 28, 1902.)

### *Appealable Order.*

An order, "Demurrer herein * * * sustained, and, plaintiff not desiring to amend complaint, judgment is * * * entered in favor of defendants and against plaintiff for costs of suit," does not distinctly show that the rights of the parties are thereby finally determined, and therefore is not appealable.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

ACTION by the Butte & Boston Consolidated Mining Company against the Montana Ore Purchasing Company and others. From an order, plaintiff appeals.    Appeal dismissed.

*Messrs. Forbis & Evans,* and *Mr. Ransom Cooper,* for Appellant.

*Messrs. McHatton & Cotter, Mr. J. B. Clayberg, Mr. Robert B. Smith,* and *Mr. Chas. R. Leonard,* for Respondents.

MR. JUSTICE PIGOTT delivered the opinion of the court.

The defendants demurred to the complaint, and the plaintiff has in form taken an appeal from an order made by the district court, of which the following is a copy: "This day demurrer herein is argued by counsel and by the court sustained, and, plaintiff not desiring to amend complaint, judgment is by the court entered in favor of defendants and against plaintiff for costs of suit."

The defendants move a dismissal on the ground that the order or judgment is not appealable. The plaintiff contends that this order of the court finally determined the rights of the parties, and is therefore a final judgment, and appealable. We do not think it is. Even if it be conceded that for the word "entered" was intended the word "rendered," the fatal defect would not be cured. That the court thereby finally determined the rights of the parties does not distinctly appear. It omits to state that the plaintiff should take nothing by the action, or that the action be dismissed, or that the defendants go thence without day, or anything of similar import. To constitute a final judgment there must be a disposition of the subject-matter, and not merely of an incident; "the form of the judgment is immaterial; but in substance it must show intrinsically and distinctly, and not inferentially, that the matters in the record had been determined in favor of one of the litigants, or that the rights of the parties in litigation had been adjudicated. The costs are regulated by statute, and are an incident or appendage of the judgment, and generally are recoverable by the victor in the contest. But, as an incident, they cannot be substituted for the principal; and a judgment for their recovery is not a decision of the matter at issue; and it is, therefore, no such final judgment as can, by law, come within the revisory power of this court." (*Scott* v. *Burton,* 6 Tex. 322, 55 Am. Dec. 782; 1 Black on Judgments, Sec. 31, note 38.) We may remark parenthetically that, where

the costs are the principal, an order or judgment awarding them may be appealable. None of the cases cited by the plaintiff from the reports of this court support the contention that an appeal lies from an order such as the one quoted.

Let the purported appeal be dismissed for the reason that the order or judgment from which it has been taken is not appealable.

*Dismissed.*