LISKER, APPELLANT, *v.* O'ROURKE, RESPONDENT.

(No. 1,554.)

(Submitted April 29, 1903.   Decided May 4, 1903.)

*Trial—Witnesses — Examination in Chief—Anticipating Defense—Responsiveness of Answer—Appeal—Record—Omission of Judgment—Dismissal.*

1. It was not error to exclude evidence of plaintiff in chief, which, though relevant to the issue made by the answer, was not necessary to establish the case as alleged in the complaint.

2.   It was not error to strike out a voluntary statement made by defendant, not responsive to the question asked him, and irrelevant to the issues in the case.

3.   Under Code of Civil Procedure, Sections 1722, 1736, providing that an appeal may be taken from a final judgment entered in an action, and that appellant must furnish the court with a copy of the judgment roll, where the record does not show that any judgment has been entered in the case in the court below, an appeal from the judgment will be dismissed.

4.   A minute entry directing judgment to be entered for defendant is not a judgment.

5.   Under Code of Civil Procedure, Sections 1738, 1176, upon appeal from an order denying a new trial the record must contain a copy of the judgment roll.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

ACTION by A. A. Lisker against John O'Rourke. From a judgment for defendant and from an order denying a new trial, plaintiff appeals. Appeal from judgment dismissed; order affirmed.

*Mr. E. B. Howell,* and *Mr. Charles E. Sackett,* for Appellant.

*Mr. John O. Bender,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought by the plaintiff, as surety, to obtain contribution from the defendant, his cosurety. The defendant had judgment. The plaintiff has appealed from the judgment and an order denying a new trial.

1.   Upon the appeal from the order, the errors assigned are upon the rulings of the court in excluding certain evidence offered by the plaintiff, and in striking out a certain statement made by the defendant when testifying in his own behalf. The evidence offered and excluded was neither relevant to, nor did it tend in any way to establish, the cause of action alleged in the complaint. It related wholly to matters alleged in the answer by way of affirmative defense. The plaintiff cannot complain because he was not permitted to introduce in chief evidence

which, though relevant to the issue made by the answer, was not necessary to make out his case as alleged. The evidence was properly excluded. The evidence stricken out was a voluntary statement made by the defendant, not responsive to any question asked him, and wholly irrelevant to the issues in the case. This ruling was also correct.

2. We cannot consider any error assigned upon the appeal from the judgment, for the reason that the record does not show that any judgment has been entered in the case in the court below. To support an appeal, the judgment must not only be entered (Code of Civil Procedure, Sec. 1722, Session Laws of 1899, p. 146), but the record on appeal must contain a copy of it (Code of Civil Procedure, Sec. 1736). The record contains a copy of a minute entry directing judgment to be entered for the defendant. This order is not a judgment. (*Butte & Boston Con. Mining Co.* v. *Mont. Ore Pur. Co.*, 27 Mont. 152, 69 Pac. 714.) This appeal must therefore be dismissed. (*Brunell* v. *Logan*, 16 Mont. 307, 40 Pac. 597.)

The appeal from the judgment is dismissed; the order denying a new trial is affirmed.

## On Motion for Rehearing.

(Submitted June 6, 1903. Decided June 8, 1903.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The plaintiff has submitted a motion for a rehearing herein, in which the point is made that this court was in error in holding in the original opinion that the evidence excluded was properly excluded because it was offered in chief, whereas it related wholly to matters alleged in the answer by way of an affirmative defense and should have been offered, if at all, by way of rebuttal. It is argued that under a stipulation filed by counsel at the opening of the trial, the burden was cast upon the plaintiff to avoid the effect of the affirmative matter so set up in the an-

swer, and this being so, and the evidence tending directly to show an estoppel upon the defendant, it was competent and should have been admitted. We do not think this position tenable. After an examination of the record under the assumption that the theory of the plaintiff as to the burden of proof is correct, we find that the evidence was not relevant to any issue in the case. There was therefore no error in the ruling. But even if there were, the plaintiff is in no position to take advantage of it.

Our attention is now called to the fact that the appeal from the order denying a new trial should also have been dismissed, for the reason that the record fails to show that judgment had been entered in the district court and, therefore, that there is no judgment roll in the record as filed in this court. This course should have been pursued by this court, for upon appeal from an order denying a new trial the record must contain, among other things, a copy of the judgment roll. (Sections 1738 and 1176, Code of Civil Procedure.) No question presented on the appeal from the order denying a new trial was properly before the court for consideration. The same result is reached, however, in the disposition of the case as made, and we shall not now reopen it in order to rectify this technical error in practice.

The motion for a rehearing is denied.

*Denied.*