LAWRENCE F. KILTY *vs.* RAILROAD COMMISSIONERS.

Worcester.     September 30, 1903. — October 21, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Prohibition.     Street Railway.     Railroad Commissioners.*

Assuming that in this Commonwealth a writ of prohibition sometimes may be granted on the petition of a stranger, the granting of the writ in such a case is not a matter of right but of discretion.

In view of the provision in R. L. c. 112, § 100, which gives to any interested party a remedy in equity in case of any erroneous ruling of any State board or commission relative to street railways, this court will refuse in any ordinary case to issue a writ of prohibition to correct an error of the railroad commissioners in regard to a street railway company.

Whether the decision of the railroad commissioners as to the performance of the requirements preliminary to the establishment of a street railway corporation, under R. L. c. 112, § 13, c. 111, § 46, is final, or is subject to revision by this court on questions of law, was left open in this case.

KNOWLTON, C. J.   This is a petition for a writ of prohibition to restrain the railroad commissioners from issuing a certificate of compliance to the Hartford and Worcester Street Railway Company under the provisions of R. L. c. 112, § 13, and c. 111, § 46.   The presiding justice refused the writ as a matter of discretion, and also made certain rulings to which the petitioner excepted.   The case comes before us on these exceptions.

The ground on which the petition rests is that, because of the refusal of the selectmen of Oxford to grant a location to the street railway company in that town, the railroad commissioners

could not legally issue a certificate of compliance with the requirements of the law, preliminary to the establishment of a corporation. Oxford is one of the towns mentioned in the agreement of association, through which the route was to run. The petitioner is a stranger to the proceedings, having no other interest in the matter than that of an inhabitant of the town of Oxford.

If we assume, in accordance with the law in England and in some of the American States, that a writ of prohibition may sometimes be granted upon the petition of a stranger (see *Attorney-General* v. *Boston,* 123 Mass. 460, 479 ; *Smith* v. *Whitney,* 116 U. S. 167, 173) we hold that the granting of a writ in such a case is not a matter of right, but a matter of discretion. This is the rule established by recent decisions in England, and generally approved where the subject has been considered elsewhere. *The Queen* v. *Local Government Board,* 10 Q. B. D. 309. *Mayor & Aldermen of London* v. *Cox,* L. R. 2 H. L. 239. *Smith* v. *Whitney,* 116 U. S. 167, 173. *In re Rice,* 155 U. S. 396, 402, 403. *In re Huguley Manuf. Co.* 184 U. S. 297, 301. High, Ex. Leg. Rem. § 606, and cases cited. Inasmuch as the writ in this case was refused in the exercise of the judge's discretion, as well as upon other grounds, this alone requires us to overrule the exceptions.

Another thing which brings us to the same result is the provision in the R. L. c. 112, § 100, which gives to any interested party a right to a remedy in equity, in case of an erroneous ruling of any State board or commission relative to street railways. It is a general rule that a court of law will not issue a writ of prohibition to an inferior court where there is a right of appeal or a remedy in equity which will give full and adequate relief from the anticipated error. *Jaquith* v. *Fuller,* 167 Mass. 123, 128. *Fairweather* v. *McKim,* 168 Mass. 103. 23 Am. & Eng. Encyc. of Law, (2d ed.) 207, and cases cited in note. We are of opinion that under this provision of the statute the court should refuse to exercise this extraordinary jurisdiction to correct an error of the railroad commissioners in any ordinary case.

It is unnecessary to determine whether the decision of the railroad commissioners under the R. L. c. 111, § 46, upon the

question whether the preliminary requirements of the chapter have been complied with is final, or is subject to revision by this court on questions of law ; nor is there any occasion to consider the fundamental question which was decided by the railroad commissioners.

*Exceptions overruled.*

*A. P. Rugg,* for the petitioner.

*F. H. Nash,* Assistant Attorney General, for the respondents.

