JOHNS, APPELLANT, *v.* BARNES, RESPONDENT.

(No. 2,103.)

ON MOTION TO DISMISS APPEALS.

(Submitted December 7, 1904. Decided December 8, 1904.)

*Appeal — Dismissal — Transcript — Filing — Undertaking— Orders.*

1. Appeal from a judgment will be dismissed, the record not containing a copy of the judgment, as required by Code of Civil Procedure, Section 1736, or showing that judgment has been entered, as required by Section 1722, as amended by Session Laws 1899, p. 146.
2. By express provision of Code of Civil Procedure, Section 1724, omission to file an undertaking in support of an appeal, as there provided, renders the appeal ineffectual for any purpose.
3. An order overruling a motion to reject findings made by the jury is not appealable, not being among the orders enumerated in Code of Civil Procedure Section 1722, as amended by Session Laws 1899, p. 146, from which appeals are allowed.

*Appeal from District Court, Fergus County; E. K. Cheadle, Judge.*

ACTION by T. J. Johns against Clarence E. Barnes. From an adverse judgment and order, plaintiff appeals. Dismissed.

*Messrs. DeKalb & Ayres, and Messrs. Huntoon, Worden & Smith,* for Appellant.

*Messrs. Blackford & Blackford,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The transcript on file in this cause shows that the plaintiff has attempted to appeal from a judgment entered against him in the district court, and also from an order overruling a motion to reject certain findings made by the jury. Respondent has interposed a motion to dismiss the appeal from the judgment, on the grounds, among others, that the the transcript contains no copy of the judgment, and that no undertaking on this appeal was filed with the clerk of the district court. He also moves to dismiss the appeal from the order on the ground that it is not appealable. The motion must be sustained.

To support an appeal from a final judgment, it must not only appear that the judgment has been entered (Section 1722, Code of Civil Procedure, as amended by Session Laws 1899, p. 146), but the record must contain a copy of it (Code of Civil Procedure, Section 1736). The record before us contains nothing which purports to be a copy of the judgment. It does not even show that any judgment has been entered. (*Lisker* v. *O'Rourke,* 28 Mont. 129, 72 Pac. 416, 755.) It also appears affirmatively from the showing made by respondent that no undertaking in support of this appeal was ever filed with the clerk of the district court. This omission renders the appeal ineffectual for any purpose. (Section 1724, Code of Civil Procedure.)

Touching the attempted appeal from the order, it is sufficient to say that this order is not among those enumerated in Section 1722 of the Code of Civil Procedure, as amended by the Act of

1899, *supra,* from which appeals are allowed.     Hence it is not appealable.     Let the appeals be. dismissed.

*Dismissed.*

MR. JUSTICE MILBURN and MR. JUSTICE HOLLOWAY concur.