STATE EX REL. ALLEN, APPELLANT, *v.* HAWKINS ET AL., RESPONDENTS.

(No. 2,168.)

(Submitted October 7, 1905. Decided November 6, 1905.)

*Appealable Orders—Prohibition—Motion to Quash—Demurrer.*

1. Under Code of Civil Procedure, section 1722, as amended by Session Laws, 1899, page 146, neither an order sustaining a demurrer, nor an order sustaining a motion to quash an alternative writ of prohibition is appealable.

*Appeal from District Court, Madison County; M. H. Parker, Judge.*

APPLICATION by the state, on relation of George R. Allen, for a writ of prohibition against Robert N. Hawkins and others, commissioners of Madison county. A motion to quash an alternative writ was granted, and relator appeals. Dismissed.

*Mr. W. A. Clark,* and *Mr. George R. Allen,* for Appellant.

*Messrs. Kirk & Clinton,* for Respondents.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In June, 1904, certain persons representing themselves to be resident taxpayers of the town of Twin Bridges, in Madison county, presented to the board of county commissioners a written petition in which, among other things, they alleged that the town of Twin Bridges did not have three hundred inhabitants, and asked the board to appoint a competent person to take the census of such town for the purpose of having its corporate existence discontinued. The board, having acted upon the petition and having made an order for the appointment of a person to take the census, the town clerk commenced proceedings in the district court to secure a writ of prohibition to restrain the board from further proceeding in the matter. An alternative writ of prohibition was issued and served. Upon the return the defendant board of county commissioners moved to quash the alternative writ and answered the order to show cause embraced in such writ. The court sustained the motion and quashed the alternative writ in an order as follows: "The motion to quash the writ of prohibition heretofore submitted and by the court taken under advisement. The court now sustains the motion and orders the application dismissed, to which ruling plaintiff excepts, and all further proceedings are stayed for five days."

Plaintiff's notice of appeal specifies that he appeals to this court from the order of the district court sustaining the motion of defendants to quash and dismiss said petition of plaintiff,

and sustaining the demurrer of defendants to said petition, and from the whole of each of said orders.

In the record presented to this court there is not any judgment, and in fact the notice of appeal does not indicate that an appeal from a judgment is intended. We are unable to understand what is meant by the reference in the notice of appeal to the order sustaining defendants' demurrer to plaintiff's petition, unless the reference is to the order sustaining the motion to quash. Neither an order sustaining a demurrer nor an order sustaining a motion to quash an alternative writ of prohibition is appealable. Section 1722 of the Code of Civil Procedure, as amended by an Act of the Sixth Legislative Assembly (Session Laws, 1899, p. 146), enumerates all appealable orders, and neither of those mentioned in this notice of appeal is included. As the orders from which this appeal was attempted to be taken are not appealable orders, this court cannot review the case on its merits, and the appeal is dismissed.

*Dismissed.*

Mr. Chief Justice Brantly and Mr. Justice Milburn concur.