STATE EX REL. LALONDE, RESPONDENT, *v.* LEMKIE, JUSTICE
OF THE PEACE, APPELLANT.

(No. 4,520.)

(Submitted November 5, 1921. Decided December 21, 1921.)

[202 Pac. 1109.]

*Appeal and Error—Prohibition—Order Directing Writ to Issue
not Appealable.*

1. Under section 7098, Revised Codes, an appeal lies from the final,
or formal, judgment granting (or denying) a peremptory writ of
prohibition, but does not lie from an order entered in the minutes
of the district court directing the peremptory writ to issue.

*Appeal from District Court, Lewis and Clark County; W. H.
Poorman, Judge.*

APPLICATION by the State, on the relation of Octavia La-
londe, for a Writ of Prohibition against A. J. Lemkie, Justice
of the Peace of Helena Township, of Lewis and Clark County.
From an order directing peremptory writ to issue defendant
appeals. Dismissed.

Cause submitted on brief of Appellant.

*Mr. S. C. Ford,* Attorney General, and *Mr. Frank Woody,*
Assistant Attorney General, for Appellant.

Opinion: PER CURIAM.

On October 29, 1919, on application of the relatrix, the
[1] district court of Lewis and Clark county issued an
alternative writ of prohibition in a case pending before de-
fendant as justice of the peace, entitled *"State of Montana* v.
*Octavia Lalonde,"* and requiring him to show cause on the fol-
lowing day why he should not be restrained absolutely from
retaining jurisdiction in the action and from proceeding fur-
ther therein. Upon defendant's return and after a hearing
thereon, the court entered an order in its minutes directing the

peremptory writ to issue, but did not render and cause to be entered a final judgment.

By reference to the provisions of the Revised Codes relating to the issuance of writs of *mandamus* and prohibition (sections 7213–7230), it will be found that the application in each case must terminate in a final judgment awarding the writ or denying it.    Section 7098 enumerates the judgments and orders from which appeals may be taken.    No provision is made by it for an appeal from an order granting or denying the peremptory writ.    An appeal is allowed only from the final judgment—that is, the formal judgment by which the application is finally determined.    The effort of the defendant to bring the proceeding into this court for review by appeal from the order was entirely abortive.    The attempted appeal is therefore dismissed.

*Dismissed.*