STATE ex Rel. BOLE et al., Appellants, *v.* LAY et al., Respondents.

(No. 6,733.)

(Submitted March 7, 1931. Decided March 30, 1931. Opinion on Motion for Modification Filed May 4, 1931.)

[300 Pac. 238.]

*Mr. Walter Aitken,* for Appellant Bole and *pro se,* submitted an original and a reply brief and argued the cause orally.

*Mr. George Y. Patten* and *Mr. Walter S. Hartman,* for Respondents, submitted a brief; *Mr. Hartman* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

On August 15, 1929, relators filed application in the district court of Gallatin county for an alternative writ of mandamus directed against the defendants, commanding them to surrender to relators for inspection a certain complaint in a divorce action or to show cause why they should not do so. In general, the petition sets forth that relator Bole is president of the Chronicle Publishing Company, a corporation engaged in publishing a newspaper in Bozeman, Gallatin county, and that relator Walter Aitken is his attorney; that defendant Lay is the clerk of the district court of Gallatin county and the custodian of the records and files in his office; that defendant George D. Pease is an attorney at law engaged in the practice of law at Bozeman; that on August 6, 1929, there was filed in the office of the clerk of the court a certain complaint in a divorce action, entitled *Alice B. Overstreet* v. *Emmett W. Overstreet;* that upon request therefor by relators on August 7, 8 and 9, defendant Lay refused permission to inspect the complaint or to furnish a certified copy thereof, stating that defendant Pease had withdrawn the complaint from his office and still withheld it; that like requests upon defendant Pease were refused; that inspection was desired for the purpose of ascertaining whether the complaint contained matter suitable for publication in the newspaper; and that by reason of the necessity of bringing mandamus proceedings, relator Bole has incurred costs and attorney's fees for which he asks judgment against defendants.

On May 20, 1930, the court made an order denying the application. The order recites that the Overstreet action was commenced on August 6, 1929; that the complaint was withdrawn by defendant Pease, attorney for plaintiff in the divorce action, under the rules of the court so permitting; that on

August 13, upon application of defendant Pease, the court made a written order suppressing the complaint until consent for publicity should be given by the parties to the divorce action; that when the application for the alternative writ of mandamus was made the judge was advised by petitioners that he could take such time as he deemed necessary to advise himself as to the petitioners' legal right to the writ; that on August 19 the divorce action was brought on for hearing, defendant's default having been entered, and a decree of divorce was granted; that thereupon the order suppressing the complaint was vacated and the clerk of the district court was directed to advise relators that the records were available for their inspection and that a certified copy of the complaint and other proceedings could then be obtained by them, if they so desired; that petitioners then advised the clerk of the court that they did not wish to inspect the records and did not desire a certified copy of the complaint. The order concludes with the statement that the application for a writ of mandate directing the clerk of court to permit relators to inspect the records and files in the divorce action "is now denied." This appeal followed.

Defendants filed a motion to dismiss the appeal for the reason that the order of May 20 is not an appealable order, nor is it a final judgment from which an appeal lies.

The right of appeal exists by virtue of statute only, and unless the judgment or order appealed from falls fairly within the classification made by statute, the appeal will not lie. (*Heater* v. *Boston & Montana Corp.*, 84 Mont. 500, 277 Pac. 11; *Ringling* v. *Biering*, 83 Mont. 391, 272 Pac. 688, and cases therein cited.)

Subdivisions 2 and 3 of section 9731, Revised Codes 1921, enumerate certain orders from which an appeal may be taken but do not embrace an order such as we have before us. This being so, no appeal lies from it as such. (*State ex rel. Allen* v. *Hawkins*, 33 Mont. 177, 82 Pac. 952; *Pentz* v. *Corscadden*, 49 Mont. 581, 144 Pac. 157; *State ex rel. Frost* v. *Barnett*, 49 Mont. 252, 141 Pac. 287.)

Relators contend that the order is a final judgment from which an appeal lies under subdivision 1 of section 9731, supra, as the word "judgment" is defined by section 9313, Revised Codes 1921. This contention cannot be sustained.

The court's order of May 20 was a written order denying the application for an alternative writ. The order is not a judgment. (*State ex rel. Montana Central Ry. Co.* v. *District Court*, 32 Mont. 37, 79 Pac. 546; *State ex rel. Stephens* v. *Keaster*, 82 Mont. 126, 266 Pac. 387; *Pentz* v. *Corscadden*, supra; *State ex rel. Lalonde* v. *Lemkie*, 62 Mont. 51, 202 Pac. 1109.) Nor could an appealable judgment have been entered without having the defendants in court. (*State ex rel. Musselshell County* v. *District Court, ante*, p. 531, 300 Pac. 235.)

The case of *State ex rel. Lalonde* v. *Lemkie*, supra, was one in which an alternative writ of prohibition had been issued. All parties were before the court. After hearing, the court directed a peremptory writ to issue, but did not enter a final judgment. This court said: "By reference to the provision of the Revised Codes relating to the issuance of writs of mandamus and prohibition (secs. 7213-7230), it will be found that the application in each case must terminate in a final judgment awarding the writ or denying it. Section 7098 enumerates the judgments and orders from which appeals may be taken. No provision is made by it for an appeal from an order granting or denying the peremptory writ. An appeal is allowed only from the final judgment — that is, the formal judgment by which the application is finally determined. The effort of the defendant to bring the proceeding into this court for review by appeal from the order was entirely abortive. The attempted appeal is therefore dismissed."

The decided weight of authority, in accord with the principles announced by our own decisions, is to the effect that an order refusing or denying an alternative writ of mandamus is not a final judgment. (*State ex rel. Rhodes* v. *Goodson*, 65 Fla. 475, 62 South. 481; see, also, *State ex rel. Board of Commissioners of Jackson County* v. *McKellar*, 92 Minn. 242, 99 N. W. 807.)

The case of *Bitter Root Irrigation Dist.* v. *Cooney,* 67 Mont. 436, 218 Pac. 945, relied upon by relators, presented a different situation, for in that case a special statute gave to the order of the court there being considered the force and effect of a judgment, by declaring that the order shall be final and conclusive. Here the relators' rights were not concluded by the order denying the alternative writ. The relators were at liberty to amend their petition if they saw fit. The order had no greater effect than one sustaining a demurrer to a complaint. Relators, however, were not without adequate remedy. (See *State ex rel. Musselshell County* v. *District Court,* supra.)

Since the order of May 20 was not a final judgment, and since the order is not one of the appealable orders named in the statute, the attempted appeal therefrom must be, and is, dismissed.

On motions for modification of the opinion heretofore filed herein and taken under advisement, the opinion promulgated herein on March 28 is withdrawn and this one substituted therefor. The motions to modify the opinion are overruled.

Mr. Chief Justice Callaway and Associate Justices Galen, Ford and Matthews concur.