## In re BLANKENBAKER'S ESTATE.

(No. 7,959.)

(Submitted April 17, 1939.   Decided May 16, 1939.)

[91 Pac. (2d) 401.]

*Messrs. C. R. Stranahan, R. H. Glover, S. B. Chase, Jr.,* and *John D. Stephenson,* for Appellant, submitted a brief; *Mr. Chase* argued the cause orally.

*Mr. Ralph J. Anderson,* Counsel for the State Board of Equalization, submitted a brief and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

On the 3rd day of August, 1938, the district court of Chouteau county entered an order and judgment determining the inheritance tax due in the estate of Virgil F. Blankenbaker, deceased. Thereafter Ella M. Blankenbaker, sole heir and executrix of the estate, filed a motion for new trial, rehearing and reappraisement. This motion was denied on January 5, 1939. On March 6 the executrix filed a notice of appeal from the order of January 5. No appeal was taken from the order or judgment of August 3, 1938, within sixty days after its entry, or at all. The State Board of Equalization has moved to dismiss the appeal, contending that the law does not provide for an appeal from an order denying a motion for new trial, rehearing or reappraisement.

The right to apply for a rehearing in a proceeding to determine the inheritance tax is provided for in section 10400.28, Revised Codes, reading: ''The attorney general, state board of equalization, public administrator, county attorney, or any person dissatisfied with the appraisement or assessment and determination of such tax may apply for a rehearing thereof before the district court within sixty (60) days from the fixing, assessing and determination of the tax by the district court as herein provided on filing a written notice which shall state the grounds of the application for a rehearing. The rehearing shall be upon the records, proceedings, and proofs had and taken on the hearing as herein provided unless additional or newly discovered evidence be alleged therefor, and a new trial shall not be had or granted unless specially ordered by the district court.''

If the right of appeal from an order denying a rehearing or reappraisement exists it is by virtue of section 10366, which adopts the general statutes—sections 9008 to 9832—relating to new trials and appeals for probate proceedings not otherwise expressly provided for. There is no express appeal provided for from such an order, and, if it is appealable, it is by virtue of section 9731, Revised Codes, which is among those

adopted by section 10366. Section 9731 is not sufficiently comprehensive to authorize an appeal from an order denying a rehearing or reappraisement. The statute not authorizing it, an appeal does not lie. (*In re Estate of Tuohy,* 23 Mont. 305, 58 Pac. 722; *In re Kelly's Estate,* 31 Mont. 356, 357, 78 Pac. 579, 79 Pac. 244; *State ex rel. Regis* v. *District Court,* 102 Mont. 74, 55 Pac. (2d) 1295; *State ex rel. Frost* v. *Barnett,* 49 Mont. 252, 141 Pac. 287; *State ex rel. Rankin* v. *Martin,* 65 Mont. 323, 211 Pac. 210; *State ex rel. King* v. *District Court,* 95 Mont. 400, 26 Pac. (2d) 966; *State ex rel. Lalonde* v. *Lemkie,* 62 Mont. 51, 202 Pac. 1109; *State ex rel. Bole* v. *Lay,* 89 Mont. 541, 300 Pac. 238; *Ringling* v. *Biering,* 83 Mont. 391, 272 Pac. 688; *State ex rel. Duckworth* v. *District Court,* 107 Mont. 97, 80 Pac. (2d) 367.)

Orders denying new trials are not appealable generally (sec. 9745, Rev. Codes). By section 10366 the same rule applies to probate proceedings.

Appellant seeks to draw a distinction between an order denying a rehearing and one denying a new trial under section 10400.28. Her counsel contends that the former must be granted as of right, while a new trial can be had only upon order of the court. If such a distinction exists, it still does not aid the appellant, for there still does not appear to be any statutory authority for an appeal from an order denying either a rehearing or a new trial. In the case of *In re Clark's Estate,* 105 Mont. 401, 74 Pac. (2d) 401, 114 A. L. R. 496, this court commented upon the fact that no petition for rehearing of the order determining an inheritance tax was filed, but nothing said in that case sustains the view that an appeal lies from an order disposing of the motion for rehearing. Nor is there any merit in the contention that an appeal from the order fixing the tax could not be made until the petition for new trial or rehearing was first disposed of.

The filing of a motion for new trial or rehearing of the order determining the tax did not affect the right to appeal from the order, or prolong the time within which an appeal there-

from could be taken. (*Griswold* v. *Ryan*, 2 Mont. 47; *Kline* v. *Murray*, 79 Mont. 530, 257 Pac. 465.)

The motion to dismiss the appeal is granted.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, STEWART and ERICKSON concur.