STATE OF MONTANA, EX REL. WESLEY ADAMSON, ADINISTRATOR OF THE ESTATE OF ELMER W. ADAMSON, DECEASED, RELATOR, *v.* DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT, IN AND FOR THE COUNTY OF LAKE, AND THE HONORABLE C. E. COMER, JUDGE THEREOF, RESPONDENTS.

No. 9510.
Submitted January 4, 1955. Decided February 2, 1955.
279 Pac. (2d) 691.

540

Mr. Raymond F. Gray, Ronan, for relator.

Mr. Lloyd I. Wallace, Mr. F. N. Hamman, Polson, for respondent.

Mr. Gray and Mr. Hamman argued orally.

MR. JUSTICE DAVIS:

Prohibition on the relation of Wesley Adamson, the administrator of the estate of Elmer W. Adamson, deceased, to restrain the district court for Lake County from further proceedings in the probate of that estate.

An alternative writ has issued, and return thereto has been made (1) by motion to quash supported by the affidavit of counsel, and (2) by submitting the original files of the respondent court disclosing the proceedings had there in the challenged probate.

After oral argument and briefs filed the cause is now submitted for decision.

By way of preliminary we note that the return made here to our writ is both novel and irregular, but in the view we take of the matter without prejudice to the rights of the litigants. That is, we shall exclude from our consideration of the facts the affidavit of respondents' counsel, which is not under any construction the answer permitted by R. C. M. 1947, sections 93-9204 and 93-9106. We shall consider the files of the respondent court offered and received at the oral argument without objection as the answer to the relator's affidavit (here a verified petition),

which these statutes authorize. We suggest, however, that hereafter the applicable provisions of the Codes be followed.

In the record thus made up we find these undisputed facts:

On November 10, 1953, the relator gave bond in the penalty of $4,000 and took letters of administration upon the estate here in controversy out of the respondent court and by order of the respondent judge. Hereafter we shall refer to these parties as they were below.

By December 7, 1954, the administrator had (1) published notice to creditors; (2) taken the court's decree establishing that notice; (3) returned inventories and appraisements showing the value of the estate to be $10,954.07, consisting of cash in bank, United States and postal savings bonds, 3,000 shares of stock of inconsequential value, and an undivided interest in certain real estate in Lake County; (4) filed two claims for himself against the estate aggregating $1,100.18 which were approved and paid; (5) made the preliminary report required for inheritance tax purposes; and (6) demanded of the decedent's daughter and sole heir, Phyllis Adamson Conlon, that she turn over to him as estate moneys upwards of $1,700 which he claimed she was withholding, and which she refused to pay into the estate.

Also up to December 7, 1954, the administrator had not presented the exhibit required by R. C. M. 1947, sec. 91-3501, nor the account required by R. C. M. 1947, sec. 91-3507, although the time for the presentation of claims had expired on April 17, 1954. The estate is not indebted; yet the final report for the determination of the inheritance tax has not been filed.

On September 29, 1954, Mrs. Conlon, the heir, had asked the administrator to "file his Final Account and Petition for distribution without further delay." On December 7, 1954, she petitioned the court for a citation to compel him to do so.

That same day on this petition the court (1) ordered a citation to issue directing the administrator to account, (2) issued the citation so ordered, (3) ordered the deposit with its clerk of all the estate property, and (4) ordered further and separately the impounding of the estate moneys in bank.

The court also required the administrator to give an additional bond in the penalty of $6,000, but since no complaint is made of this order we shall notice it no further.

On December 14, 1954, the administrator appealed to this court from the three orders first summarized above and from the citation as well.

Further on December 14, 1954, the administrator as ordered deposited certain bonds and shares of stock belonging to the estate, which he said under oath were "all of the property that I have on hand with the exception of the bank account, which is now being withheld pursuant to the order of the Court." This statement is not disputed by the record.

At the same time the administrator filed what he styles "Affidavit of Report of Administrator," which obviously is not, however, the exhibit or the account which the statutes cited above call for, primarily, because it does not show the "amount of money received and expended by him," as section 91-3501, supra, requires. Therein he sought to excuse his failure to close the estate, because (1) "I have reason to believe that there is mining property or an interest in mining property somewhere in the Territory of Alaska and that the said Phyllis Adamson Conlon has knowledge or information concerning the same," and because (2) "up to this time I have not received a report of the amount of money belonging to the above entitled estate that is being withheld by Phyllis Adamson Conlon."

Possibly here the administrator has shown cause why he has not closed the estate, for undoubtedly he needs to know the nature and value of all the estate property both within and without Montana to settle the inheritance tax due. Probably it would be an idle gesture to require the sole heir to turn over moneys with her, which must be immediately returned to her upon a final distribution, i. e., if the administrator has in Montana a sufficient estate to pay taxes and the expenses of the administration here. These are matters of course for the lower court to resolve upon an accounting by the administrator to that court. For the

present proceeding it suffices that we are certain these excuses do not justify the administrator's failure to account at all.

Evidently the district court and its judge were of that opinion also, for subsequently on December 21, 1954, the administrator was ordered "to file his account immediately," and the matter was continued to December 28, 1954.

Our writ intervened at this point. Our judgment is that the respondents motion to quash must be sustained, the proceeding dismissed.

Prohibition does not properly issue out of this Court as a writ of right, but only in the exercise of a sound judicial discretion to arrest the proceedings of courts, or tribunals or officers exercising judicial functions, but acting at the time without or in excess of its or their jurisdiction. State ex rel. Redle v. District Court, 102 Mont. 541, 544, 59 Pac. (2d) 58; State ex rel. Myersick v. District Court, 53 Mont. 450, 452, 164 Pac. 546; State ex rel Lane v. District Court, 51 Mont. 503, 508, 154 Pac. 200, L. R. A. 1916E, 1079; State ex rel. Whiteside v. First Judicial District Court, 24 Mont. 539, 560, 562, 63 Pac. 395; State ex rel. Scharinkow v. Hogan, 24 Mont. 379, 62 Pac. 493, 51 L. R. A. 958.

If then the district court and judge at bar were proceeding here within the jurisdiction given them by the Constitution and statutes of this state, they may not be restrained by this writ out of this Court. We have in that case no discretion to exercise. State ex rel. Lloyd v. District Court, 105 Mont. 281, 287, 72 Pac. (2d) 1014; State ex rel. Sands v. District Court, 95 Mont. 427, 432, 26 Pac. (2d) 970, and cases there cited; State ex rel. Reid v. District Court, 126 Mont. 586, 595, 256 Pac. (2d) 546.

Moreover, even though the district court here at some point exceeded its jurisdiction our writ of prohibition must be denied, if the administrator has another plain, speedy and adequate remedy in the ordinary course of law. State ex rel. Spalding v. Benton, 12 Mont. 66, 78-79, 29 Pac. 245; State ex rel. Browne v. Booher, 43 Mont. 569, 570-571, 118 Pac. 271; State ex rel. Barnes v. District Court, 59 Mont. 491, 492, 493, 197 Pac. 565; Compare

State ex rel. Pearl Assurance Co., Ltd. v. Holmes, 113 Mont. 144, 148-151, 124 Pac. (2d) 700.

To meet these rules the administrator argues that because of the appeals taken on December 14, 1954, the lower court lost jurisdiction to proceed at all with the probate of the Adamson estate, until these appeals are disposed of by this Court, and further that his remedy by these appeals is neither plain, speedy nor adequate, because thereafter on December 21, 1954, the district court ordered him to account anyway.

We do not agree. Certainly the district court and judge were proceeding within their probate jurisdiction when on December 7, 1954, a citation was ordered and that day issued for an accounting. R. C. M. 1947, sections 91-3501, 91-3502, 91-3504 and 91-3507; In re Rinio's Estate, 93 Mont. 428, 433, 19 Pac. (2d) 322; In re Jennings' Estate, 74 Mont. 449, 456, 241 Pac. 648.

With equal certainty we conclude further the appeals attempted from the order for the citation and from the citation itself were nullities, for an appeal is the creature of statute. Without a supporting statute there is no appeal whatsoever. Ringling v. Biering, 83 Mont. 391, 395, 272 Pac. 688, and cases there cited; Heater v. Boston & Montana Corp., 84 Mont. 500, 505, 277 Pac. 11; State ex rel. Bole v. Lay, 89 Mont. 541, 543, 300 Pac. 238; In re Blankenbaker's Estate, 108 Mont. 383, 384, 385, 91 Pac. (2d) 401, and cases there cited; Corcoran v. Fousek, 125 Mont. 223, 233 Pac. (2d) 1040. And in the controlling statutes here, R.C.M. 1947, sections 93-8003, 91-4312, these appeals find no support so far as our search has led us. Further the industry of counsel has pointed us to none.

The citations submitted for the administrator, Bordeaux v. Bordeaux, 29 Mont. 478, 75 Pac. 359; Finlen v. Heinze, 28 Mont. 548, 73 Pac. 123; Hynes v. Barnes, 30 Mont. 25, 75 Pac. 523, have no application where as here the appeals taken are void.

Being then in their effect not appeals at all the lower court and its judge did not thereby lose jurisdiction. Nor thereby did this Court acquire jurisdiction. The matter stood below after these appeals were attempted precisely as before. State v. Mc-

Dowall, 197 Wash. 323, 333, 334, 85 Pac. (2d) 660, 665; Maxwell, v. Superior Court, 1 Cal. (2d) 294, 297, 34 Pac. (2d) 475, 476, 477; State ex rel. Thompson v. Terte, 357 Mo. 229, 236, 207 S. W. (2d) 487, 489; McCarroll v. Gregory-Robinson-Speas, Inc., 197 Ark. 1175, 125 S. W. (2d) 452; Central Savings Bank of Oakland v. Lake, 201 Cal. 438, 442, 443, 257 Pac. 521, 523; Centennial Mill Co. v. Martinov, 83 Utah 391, 395, 28 Pac. (2d) 602, 604; Goodman v. Goodman, 201 N. C. 794, 161 S. E. 688; 4 C. J. S., Appeal and Error, sec. 606, page 1091; 3 Cal. Jur. (2d), Appeal & Error, sec. 198, pages 687, 688.

Pertinent here is this sentence from the opinion of the Supreme Court of Washington in State v. McDowall, supra, 197 Wash. 334, 85 Pac. (2d) 665:

"An attempted appeal from an order which is not in fact appealable cannot operate to tie the hands of the superior court, as, if the rule were otherwise, a party could indefinitely delay a proceeding, by attempting to appeal from every adverse ruling made prior to the entry of final judgment."

Authority in point to the contrary is wanting. That is, only if it may be said in a given case that it is fairly debatable whether an order is appealable, is the first decision to be made here. The lower court then should wait for this Court to rule. Otherwise it should not stand by. Compare Merrifield v. Western Cottage Piano Co., 238 Ill. 526, 532, 87 N. E. 379, 381.

And the first two appeals here by the admininstrator present no such debatable question. On the face of our statute they are without effect for any purpose. Jurisdiction below was thereby neither withdrawn nor restricted.

There remain for consideration the appeals taken (1) from the order directing the deposit of the estate property with the court, and (2) from the order impounding the estate moneys in the Ronan State Bank. Despite their informality we are of the view that we have here (1) an "order directing the delivery * * * or surrender of property", and (2) an order granting an injunction, which fall fairly within R. C. M. 1947, sections 93-

8003, subd. 2, and 93-8004, subd. 3. They may therefore be appealed to this Court.

These appeals lie, moreover, whether the orders themselves be ▮▮▮▮ valid as made within jurisdiction, or void because the district court stepped out of bounds. Such is the prevailing view. Ivory v. Superior Court, 12 Cal. (2d) 455, 460, 85 Pac. (2d) 894, 896 (void probate order); In re Dunsmuir's Estate, 149 Cal. 67, 84 Pac. 657 (semble); Luckenbach v. Krempel, 188 Cal. 175, 176, 177, 204 Pac. 591, 592; 3 Cal. Jur. (2d), Appeal & Error, sec. 69, pages 511, 512; Bogh v. Bogh, 185 Or. 93, 108, 202 Pac. (2d) 503, 509; In re Hudson Lumber Co., 301 Mich. 77, 83, 3 N. W. (2d) 17; Openshaw v. Young, 107 Utah 399, 404, 152 Pac. (2d) 84, 87; People ex rel. Thaxton v. Coal Belt Electric R. Co., 311 Ill. 29, 34, 142 N. E. 495, 497; Fleeman v. Chicago, R. I. & P. R. Co., 82 Kan. 574, 109 Pac. 287, 33 L. R. A., N. S., 733, 136 Am. St. Rep. 117.

The decisions to the contrary are in the decided minority. and as we read them are predicated generally upon statutes unlike ours. Further this Court has heretofore taken without question jurisdiction by appeal to review and set aside void probate orders, In re Jennings' Estate, 79 Mont. 73, 254, Pac. 1067; Id., 79 Mont. 80, 254 Pac. 1069; and the remedy thus afforded has been plain, speedy and adequate.

So also the remedy here by appeal is plain, speedy and adequate whether the orders for the delivery of the estate property to the court and enjoining the withdrawal of the estate moneys are void or valid. Further we need not go now to determine precisely their force.

It is enough for the present that appeals here have been taken to this Court from orders which by statute we must review. We can make those appeals effective, if necessary, by granting stays under section 93-8003, subd. 2, supra, without resort to the extraordinary remedy of prohibition.

As the record now stands there is nothing to indicate that the lower court or its judge intends to meddle in any way with either of these orders pending the determination of the appeals which

have given this Court jurisdiction. We say this, that our opinion may not be misunderstood.

But, if the case were otherwise, and if then the court and judge ▮ below were to step beyond their jurisdiction, it is yet our conclusion that the remedy here given by appeal is plain, speedy and adequate, supplemented as it may be by our power to stay any action taken in the lower court which goes beyond the law. Compare Hynes v. Barnes, 30 Mont. 25, 27, 28, 75 Pac. 523.

It follows that the alternative writ must be vacated, the motion to quash sustained, the proceedings dismissed, leaving the respondents free to proceed with the probate of the Adamson estate within their jurisdiction.

MR. CHIEF JUSTICE ADAIR, and MR. JUSTICES ANDERSON and ANGSTMAN, concur.

MR. JUSTICE BOTTOMLY:

I dissent.