STATE OF MONTANA, ex rel., VERNER WANO AHO, RELATOR AND APPELLANT, v. JUSTICE COURT OF LAUREL TOWNSHIP, AND R. H. STERRETT, JUSTICE OF THE PEACE, RESPONDENTS.

No. 9736.
Submitted February 21, 1957. Decided June 24, 1957.
313 Pac. (2d) 542.

586

Mr. Allen L. McAlear, Bridger, for appellant.

Mr. Forrest H. Anderson, Atty. Gen., Mr. Emmet T. Walsh, Mr. Robert J. Emmons, Asst. Attys. Gen., Mr. Thomas L. Bradley, Laurel, for respondent.

Mr. McAlear, Mr. Walsh and Mr. Emmons argued orally.

MR. JUSTICE ADAIR:

On March 21, 1956, on petition of the relator, Verner Wano Aho, the district court of Yellowstone County issued an alternative writ of prohibition involving a criminal case entitled "The State of Montana, Plaintiff, v. Verner Wano Aho, Defendant" commenced and tried in the respondent Justice Court of Laurel Township in Yellowstone County before the respondent, R. H. Sterrett, a justice of the peace, wherein, by a jury's verdict, rendered on March 15, 1956, the defendant Aho was convicted of the crime of unlawfully driving and operating an automobile upon U. S. Highway No. 310 in said county while under the influence of intoxicating liquor in violation of section 32-2142 of the Revised Codes of Montana. In conformity with such verdict the respondent justice of the peace, on March 16, 1956, pronounced sentence and rendered judgment that the defendant Aho pay a fine of $150. The defendant Aho did not avail himself of the remedy of an appeal to the district court although an appeal would have afforded him a plain, speedy and adequate remedy without resorting to a writ of prohibition. R.C.M. 1947, section 94-100-33, 94-100-34, 94-100-38, 93-9202; State v. Benson, 91 Mont. 109, 5 Pac. (2d) 1045.

Furthermore, had the defendant appealed to the district court and had his case there tried anew, he then would have had the further right to appeal to this court from any adverse judg-

ment entered against him as is provided by R.C.M. 1947, section 94-8103.

The alternative writ of prohibition issued herein was directed against the respondent justice court and the respondent justice of the peace and commanded that they desist and refrain from any further proceedings in said criminal action and it required that they show cause before the district court on a day certain why they should not be restrained absolutely from any further proceedings in said criminal action against the relator, Verner Wano Aho.

Upon the return, the respondents answered relator's petition for the writ as well as the order to show cause embraced in the alternative writ and on April 4, 1956, a hearing was had whereupon, the cause was submitted and time allowed the parties for the filing of briefs.

The district court had the matter under advisement until May 24, 1956, on which date it made and filed in the cause an order which, *inter alia* recites: "The court being now duly advised in the premises, is of the opinion that under the facts and law applicable to such facts, the Relator has failed to show that he is entitled to the relief prayed for, and accordingly, said petition for a Writ of Prohibition is, by the court, denied." This is an order. R.C.M. 1947, section 93-8401. It is so designated and labeled by the judge who made it. The order is not a judgment. Butte & Boston Consol. Mining Co. v. Montana Ore Purchasing Co., 27 Mont. 152, 69 Pac. 714; R.S.M. 1947, section 93-4701.

In the record before us there is not any judgment. Notwithstanding this fact in his notice of appeal the relator states that he appeals to this court "from the Judgment therein rendered and entered in the aforesaid District Court on the 24th day of May, 1956, in favor of Respondents and against the Relator, and from the whole thereof." Since no judgment was entered it is clear that the relator is attempting to appeal from the above-quoted order of May 24, 1956, from which no appeal lies.

In Lisker v. O'Rourke, 28 Mont. 129, 131, 72 Pac. 416, 755, this court speaking through Chief Justice Brantly said:

"We cannot consider any error assigned upon the appeal from the judgment, for the reason that the record does not show that any judgment has been entered in the case in the court below. * * * The record contains a copy of a minute entry directing judgment to be entered for the defendant. This order is not a judgment. Butte & Boston Consol. Mining Co. v. Montana Ore Purchasing Co., 27 Mont. [152] 69 Pac. 714. This appeal must therefore be dismissed. Brunell v. Logan, 16 Mont. 307, 40 Pac. 597." Compare State ex rel. Allen v. Hawkins, 33 Mont. 177, 82 Pac. 952; Pentz v. Corscadden, 49 Mont. 581, 144 Pac. 157; State ex rel. Lalonde v. Lemkie, 62 Mont. 51, 202 Pac. 1109; State ex rel. Bole v. Lay, 89 Mont. 541, 300 Pac. 238; State ex rel. Adamson v. District Court, 128 Mont. 538, 279 Pac. (2d) 691; People ex rel. Adams v. Westbrook, 89 N.Y. 152; State ex rel. Smith v. Levens, 32 Mo. App. 520, 521; State ex rel. Griffith v. Bowerman, 40 Mo. App. 576; Kilty v. Jackson, etc., 184 Mass. 310, 68 N.E. 236; People ex rel. Cuvillier v. Hagarty, 238 N.Y. 621, 144 N.E. 917; Butler v. City and County of San Francisco, 104 Cal. App. (2d) 126, 231 Pac. (2d) 75, 76; Delany v. Toomey, 111 Cal. App. (2d) 570, 245 Pac. (2d) 26.

As the order from which this appeal was attempted to be taken is not an appealable order this court cannot review the case on its merits. Accordingly the attempted appeal and the proceeding before this court seeking to review the order of the district court are dismissed and remittitur will issue forthwith.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES CASTLES and BOTTOMLY, concur.

MR. JUSTICE ANGSTMAN:

I concur in the result reached in the foregoing opinion, but do not agree with the reasons given for the result.

Some of the cases relied on differ from this on the facts. Thus State ex rel. Allen v. Hawkins, 33 Mont. 177, 82 Pac. 952,

was one wherein an attempt was made to appeal from an order sustaining a motion to quash an alternative writ of prohibition and sustaining a demurrer to the petition.

Pentz v. Corscadden, 49 Mont. 581, 144 Pac. 157, was an attempted appeal from an order sustaining a demurrer.

State ex rel. Bole v. Lay, 89 Mont. 541, 300 Pac. 238, was an attempted appeal from an order denying an alternative writ of mandamus which was issued ex parte and without having the defendants in court.

The appeal here is from the order or judgment denying a peremptory, not alternative writ and after full hearing by all parties. The attempted appeal in State ex rel. Adamson v. District Court, 128 Mont. 538, 279 Pac. (2d) 691, was from an order issuing a citation. There had been no hearing. The case is not comparable to this.

The case of State ex rel. Lalonde v. Lemkie, 62 Mont. 51, 202 Pac. 1109, contains language supporting the opinion of Mr. Justice ADAIR. In that case the peremptory writ was issued rather than denied as here, but the opinion by way of dictum held that no appeal lies from an order denying a peremptory writ. Whether that case has been impliedly overruled by the holding in Kline v. Murray, 79 Mont. 530, 257 Pac. 465, I express no opinion. I subscribe to the conclusion reached in the majority opinion because I think the trial court ruled properly on the merits. It should be noted that in this case there was no motion made to dismiss the appeal and the point is not urged by counsel in the case. I think we should decide the case on its merits.

Likewise I see no reason for issuing the remittitur forthwith.